STUART, Justice
(concurring specially).
I concur with the majority that “a determination on direct appeal that there has been no plain error does not automatically foreclose a determination of the existence of the prejudice required under Strickland [v. Washington, 466 U.S. 668 (1984),] to sustain a claim of ineffective assistance of counsel.” 10 So.3d at 1078. I do believe that it will be a rare case where the application of the plain-error test to a substantive issue and the subsequent application of Strickland prejudice prong to counsel’s performance regarding the alleged error reviewed on direct appeal for plain error result in different outcomes. However, I can perceive of situations where the record before the appellate court on direct appeal supports the conclusion that no plain error occurred with regard to a substantive issue, but a subsequent claim of ineffective assistance of counsel based on counsel’s performance with regard to the substantive issue reviewed on direct appeal for plain error could satisfy the prejudice prong of Strickland.
I recognize that the majority of ineffective-assistance-of-counsel claims challenging counsel’s performance with regard to substantive issues reviewed on direct appeal and found not to constitute plain error will not satisfy the Strickland prejudice prong. However, both standards must be applied. The plain-error review by an appellate court, whether conducted as a consequence of appellate counsel’s presenting the issue or pursuant to Rule 39(a)(2) or 45A, Ala. R.App. P., is limited to the record submitted. There may be situations in which the record on direct appeal is not developed as to the substantive issue being reviewed for plain error as a consequence of counsel’s performance, and the record as submitted on direct appeal, therefore, fully supports a conclusion of no plain error. However, on subsequent review of facts developed surrounding counsel’s performance with regard to the issue, the more developed record might lead to the conclusion that counsel’s errors with regard to making the record for review of the substantive claim reviewed on direct appeal for plain error “were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.” Strickland, 466 U.S. at 687, 104 S.Ct. 2052. Therefore, while the finding of plain error on direct appeal should be a factor to consider when reviewing a subsequent claim of ineffective assistance of counsel, it should not preclude the claim.
NABERS, C.J., concurs.